UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------X

RAUL REYES, on behalf of himself
and others similarly situated,

                      Plaintiffs,            14 Civ. 9812

     -against-                           OPINION

NIDAJA,LLC d/b/a GASTRONOMIE 491, and
NICOLE AHRONEE,

                  Defendants.

-----------------------------------------X



A P P E A R A N C E S:

       Attorneys for Plaintiff

       CILENTI & COOPER, P.L.L.C.
       708 Third Avenue, 6th Floor
       New York, NY 10017
       By:  Peter Cooper, Esq.

       Attorneys for Defendants

       MOSES & SINGER LLP
       The Chrysler Building
       405 Lexington Avenue, 12th Floor
       New York, NY 10174-1299
       By:  David B. Feldman, Esq.
           John Baranello, Esq.

**Sweet, D.J.**

Plaintiff Raul Reyes ("Reyes" or the "Plaintiff") has moved to, *inter alia*, disclose the pendency of this collective action lawsuit under § 216(b) of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, through Court-facilitated notice to all current and former non-managerial employees of Nidaja, Inc., d/b/a Gastronomie 491 ("Nidaja") and Nicole Ahronee ("Ahronee," collectively with Nidaja, the "Defendants) employed between December 12, 2011 and the entry of judgment in this action.  Based on the facts and conclusions set forth below, the motion is denied.


**Prior Proceedings**

Reyes commenced this action on December 12, 2014, on behalf of himself and as the representative of a putative class of similarly situated employees, by filing a Complaint alleging, *inter alia*, that the Defendants failed to pay overtime compensation to their employees as mandated by the FLSA and New York Labor Law.  The Plaintiff alleges that he worked in positions that are classified as "non-exempt," but that he was not paid for overtime work at the statutory rate of time-and-a-

1

half for hours worked over 40 per week.  (Complaint, Dkt. No. 1, ¶¶ 13-16; see generally Affidavit of Raul Reyes, Dkt. No. 10 (the "Reyes Aff.").)  Nidaja is a domestic business entity organized under the laws of the State of New York, with a principal place of business located at 491 Columbus Avenue in Manhattan.  (Complaint ¶ 6.)  Ahronee is alleged to be the owner, shareholder, officer, director, and managing agent of Nidaja, responsible for all business decisions and the oversight of day-to-day operations.  (Complaint ¶ 7, 40.)  The Plaintiffs contend that since she controls significant business functions, including Nidaja's wage and hour practices, she is an "employer" within the meaning of the FLSA.  (See id.)  Reyes, the only named plaintiff, was hired in July, 2013.  (Complaint ¶ 13.)

On February 27, 2015, the Plaintiff filed the instant motion seeking conditional certification.  (Dkt. No. 9.)  The motion and its supporting papers state that Reyes has made the required showing that he is similarly situated to other members of the putative class, though they do not specifically reference any paragraphs in the Complaint where the showing was made.  The Reyes Affidavit does state that "I have observed that the other employees who did work at Gastronomie 491 also worked more than forty (40) hours per week, and they too were not paid overtime wages at the rate of time and a half."  (Reyes Aff. ¶ 5.)  The

2

instant motion was heard and marked fully submitted on April 1,
2015.


## The Requirements for a Collective Action Have Not Been Established

The Plaintiff bears the burden of demonstrating that he is
"similarly situated" to other members of his proposed collective
action.  See Morales v. Plantworks, Inc., No. 05 Civ. 2349, 2006
WL 278154, at *2 (S.D.N.Y. Feb. 2, 2006).  Although courts in
this Circuit require only a "modest factual showing" from
plaintiffs seeking certification, id., that showing "must still
be based on some substance."  Guillen v. Marshalls of MA, Inc.,
750 F. Supp. 2d 469, 480 (S.D.N.Y. 2010).  The Plaintiff's bare
assertion that other employees also worked overtime without
proper compensation does not clear even this low bar.

A plaintiff must provide some actual evidence of a factual
nexus between him and the rest of the class he seeks to
represent; conclusory allegations will not suffice.  See Prizmic
v. Armour, Inc., No. 05-CV-2503, 2006 WL 1662614, at *2
(E.D.N.Y. June 12, 2006) ("mere allegations in the complaint are
not sufficient; some factual showing by affidavit or otherwise
must be made."); Mendoza v. Casa de Cambio Delgado, Inc., No. 07
Civ. 2579, 2008 WL 938584, at *1 (S.D.N.Y. Apr. 7, 2008) ("While

3

this is a very liberal standard, conclusory allegations or lack
of a nexus with the putative class will prevent the case from
moving forward as a collective action."). Declarations
submitted in connection with motions for certification must
allege facts showing such a nexus, not mere statements that
others are similarly situated. See, e.g., Morales, 2006 WL
278154, at *3 ("Here, plaintiffs have offered only a conclusory
allegation in their complaint; they have offered nothing of
evidentiary value. Because plaintiffs have failed to meet this
minimal requirement, their motion for class certification is
denied."); see also Adair v. Wisconsin Bell, Inc., No. 08-C-280,
2008 WL 4224360, at *9 (E.D. Wis. Sept. 11, 2008) ("[I]f
declarations in support of conditional certification are not
required to be more probative than bare allegations, the
requirement of factual support would be superfluous."
(quotations and citation omitted)).

### 1. A Common Policy Has Not Been Adequately Established

Reyes has alleged facts regarding his own pay and hours,
declaring that he did not receive overtime compensation despite
working sixty or seventy hours a week, and that he did not
receive wage statements that accurately indicated his hours

4

worked, hourly rate, and the basis for his pay.  (Reyes Aff. ¶¶
3-4.)  The only factual allegation concerning others is Reyes'
statement that "I have observed that the other employees who did
work at Gastronomie 491 also worked more than forty (40) hours
per week, and they too were not paid overtime wages at the rate
of time and a half."  (Id. at 5.)  There are no other statements
or facts that would tend to show that Reyes is similarly
situated to the other unnamed employees, nor does he identify
any of the other employees by name or indicate the time or
circumstances surrounding his observations.  Reyes also does not
state that he had conversations with any other employee
regarding their treatment, pay, job duties, or responsibilities.

     Motions for conditional certification have been denied
where the only substantive allegations were nonspecific personal
observations and conversations.  For instance, in Sanchez v. JMP
Ventures, LLC, No. 13 Civ. 7264, 2014 WL 465542, at *2 (S.D.N.Y.
Jan. 27, 2014), the Court rejected conditional certification
where the plaintiff had made factual allegations about his own
underpayment and alleged that those policies were "common
practice" at the defendant restaurants based on "observations"
and conversations with other employees.  The Court denied the
motion, noting that because he did not provide "any detail as to
a single such observation or conversation, . . . the Court is

left with a list of generalized allegations that have been molded into a declaration which reads similarly to the complaint." Id. (emphasis in the original).  Here, the Plaintiff has not stated that he had conversations with any other employees.  A single unsupported statement about observations in the Plaintiff's declaration is insufficient to warrant conditional certification.

In Ali v. New York City Health and Hospitals Corp., No. 11 Civ. 6393, 2013 WL 1245543, at *3 (S.D.N.Y. Mar. 27, 2013), the Court denied a motion for conditional certification where the "sole basis" for the plaintiff's belief that others were similarly situated was "conversations with other respiratory therapists," without providing additional information about the conversations or their substance.  In Barfield v. New York City Health and Hospitals Corp., No. 05 Civ. 6319, 2005 WL 3098730, at *1 (S.D.N.Y. Nov. 18, 2005), the Court denied conditional certification where a plaintiff offered "nothing but limited anecdotal hearsay" to support the idea that other nurses were similarly situated.  In Levinson v. Primedia Inc., No. 02 Civ. 2222, 2003 WL 22533428, at *2 (S.D.N.Y. Nov. 6, 2003), the Court denied conditional certification to plaintiffs who alleged a companywide policy but "fail[ed] to support this legal conclusion with a factual showing that extends beyond their own

6

circumstances."  The Court deemed the plaintiffs' statement that

"for many guides, and perhaps most guides, myself included, the

monthly compensation that was received was often less than the

minimum wage" to be insufficient.  Id.  And in Flores v. Osaka

Health Spa, Inc., No. 05 Civ. 962, 2006 WL 695675 (S.D.N.Y. Mar.

16, 2006), the court found a Complaint factually insufficient

for conditional certification where the plaintiff stated that

"it is my understanding that the other massage therapists

working my shift did the same" amount of work, without

explaining what that understanding was based on.  These cases

show a consensus in this district that where a plaintiff bases

an assertion of a common policy on observations of coworkers or

conversations with them, he must provide a minimum level of

detail regarding the contents of those conversations or

observations.  Reyes' allegations and affidavit therefore fail

to establish a common policy.

### 2. **The Factual Nexus Between Reyes and the Putative Class Action Members Has Not Been Established**

The Plaintiff has summarily alleged that he is similarly

situated to all non-managerial employees (See Complaint ¶¶ 18-

25), but does not state what work the others do, or whether it

was the same, similar, or related to the work that Reyes

7

performed.  Reyes was employed as a kitchen assistant and cook
(Id. ¶ 13), but his responsibilities, relationship with
supervisors, and work expectations may have been quite different
from those of waiters, dishwashers, delivery workers,
bartenders, busboys, or other employees in a busy restaurant.
There are no allegations in the Complaint sufficient to
establish that Reyes or his job circumstances are similar to the
class he wishes to represent.

In Qi Zhang v. Bally Produce, Inc., No. 12 Civ. 1045, 2013
WL 1729274, at *3 (S.D.N.Y. Apr. 22, 2013), the Court denied
conditional certification where a plaintiff failed to show that
the other members of his proposed class had similar duties,
responsibilities, and lines of supervision.  Although the
plaintiff argued that an affidavit from a single plaintiff could
be sufficient to establish that other proposed class members
were similarly situated, the Court took issue not with the use
of an affidavit, but rather "with the quality of the plaintiff's
evidence, which fails to address the duties and responsibilities
of the other [coworkers].  Even the cases cited by plaintiff
included some evidence regarding the job duties and
responsibilities of the putative opt-ins."  Id.  Reyes has not
described with any detail what his own job duties are, and has
not stated what other employees do and whether or how their

8

responsibilities and treatment are similar to his.  He has stated simply that the other employees at Gastronomie 491 "did work," and that he observed that they were not paid overtime. (Reyes Aff. ¶ 5.)  This vague statement fails to establish a factual nexus between himself and the coworkers he seeks to include in his class.

In reply, Reyes argues that his burden for demonstrating the existence of similarly situated employees is "extremely minimal," and that the allegation in paragraph 5 of his affidavit is sufficient.  (P.'s Reply Mem., Dkt. No. 16, at 10.) Although the burden on the plaintiff at this stage is a lenient one, the cases Reyes cites in his brief are factually distinguishable because they all involve plaintiffs who made factual showings of at least some significance.  See, e.g, Delaney v. Geisha NYC, LLC, 261 F.R.D. 55, 57 (S.D.N.Y. 2009) (citing five different declarations from employees regarding the defendants' tipping policy); Williams v. Twenty Ones, Inc., No. 07 Civ. 3978, 2008 WL 2690734, at *1 (S.D.N.Y. June 30, 2008) (granting conditional certification where plaintiffs submitted multiple affidavits as well as "documentary evidence" including payroll and earnings reports); Rubery v. Buth-Na-Bodhaige, Inc., 569 F. Supp. 2d 334, 337 (W.D.N.Y. 2008) ("Plaintiff has met her burden . . . by producing affidavits and time records from other

9

Shop Managers which are indicative of a common policy or plan .
. . .").  The only case Reyes cites where conditional
certification was granted based solely on the plaintiffs'
observations of other employees, Li v. Qiu Jian Lin, No. 10 Civ.
8454, 2011 WL 2848417, at *2 (S.D.N.Y. July 18, 2011), at least
had two plaintiffs submitting affidavits stating that a policy
existed.

     "While Plaintiff's burden is low, it is not non-existent –
certification is not automatic."  Romero v. H.B. Automotive
Group, Inc., No. 11 Civ. 386, 2012 WL 1514810, at *10 (S.D.N.Y.
2012) (quotation omitted).  Reyes' submission, which broadly
asserts that he "observed that the other employees who did work"
also were not paid overtime, is insufficient to meet even the
minimal standards for conditional certification.

## Conclusion

          Based on the facts and conclusions set forth above,
the motion to circulate notice of the lawsuit with opportunity
to join is denied.

10

It is so ordered.

New York, NY
July 3/  , 2015

_____
ROBERT W. SWEET
U.S.D.J.

11